IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT GONZALES,

        Defendant/Petitioner,

v.                                                                         No. CIV 16-747 JP/GJF
                                                                            No. CR   13-2371 JP

UNITED STATES OF AMERICA,

        Plaintiff/Respondent.

**MEMORANDUM OPINION AND ORDER**

On June 26, 2016, Defendant/Petitioner Gilbert Gonzales (Petitioner) filed a MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255, arguing that he should be re-sentenced without enhancement. Motion (Doc. No. 1) According to Petitioner, after the United States Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015), his prior convictions no longer qualify as violent crimes and should not have been used to enhance his sentence.[1] *Id.* at 5.

In the UNITED STATES' MOTION TO ENFORCE APPELLATE WAIVER IN THE PLEA AGREEMENT AND RESPONSE TO DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, Plaintiff/Respondent United States

---

[1] Petitioner made two arguments claiming to be a beneficiary of *Johnson's* holding.  First, he asserts that the Presentence Investigation Report (PSR) wrongly designated him as a career offender under the United States Sentencing Guidelines (U.S.S.G.).  Second, he posits that the Hobbs Act Robbery conviction is not a predicate crime of violence for purposes of the enhanced sentence. Motion at 5. The first of Movant's two arguments is foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, ___ S.Ct. ___ , 2017 WL 855781 (Mar. 6, 2017) (holding that the United States Sentencing Guidelines, including the career offender residual clause, are not subject to a vagueness challenge under the Due Process Clause).

1

(Respondent) contends that in his Plea Agreement Petitioner waived his right to bring a § 2255 Motion. In DEFENDANT/PETITIONER'S RESPONSE TO UNITED STATES' MOTION TO ENFORCE APPELLATE WAIVER IN THE PLEA AGREEMENT AND REPLY TO THE UNITED STATES' RESPONSE TO DEFENDANT/PETITIONER'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, Petitioner asserts that the enforcement of the waiver in the Plea Agreement would result in a miscarriage of justice. Reply (Doc. No. 13).

**Background**

On January 27, 2015, Petitioner pleaded guilty, in accordance with his Rule 11(c)(1)(C) Plea Agreement, to two counts of a five-count Indictment charging him with Interference with Interstate Commerce by Robbery under 18 U.S.C. § 1951 – a Hobbs Act Robbery – and Carrying, Possessing and Brandishing a Firearm During and in Relation to and in Furtherance of a Crime of Violence under 18 U.S.C. § 924(c). Plea Agreement ¶ 3 (Doc. No. 71 in No. CR 13-2371).

Based on the Hobbs Act Robbery conviction, the United States Probation Office found that Petitioner's base offense level under the U.S.S.G. was 20. PSR ¶ 23. The Probation Office determined that Petitioner was a career offender under the Sentencing Guidelines because the Hobbs Act Robbery was a felony that was "either a crime of violence or a controlled substance offense" and because Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance abuse. *Id.* ¶ 29. Petitioner's base offense level was increased by 17 points for his career offender status. His total adjusted offense level was 34. *Id.* ¶ 32. Based on six earlier convictions, Petitioner's criminal history category was VI. *Id.* ¶ 46.

In accordance with Rule 11(c)(1)(C), Petitioner and Respondent agreed to a specific sentence of 72 months for the Hobbs Act Robbery conviction and a specific sentence of 84

months for the corresponding § 924(c) conviction. *Id.* ¶ 3. The sentences were to run consecutively. *Id.* On April 29, 2015, Petitioner was sentenced to a total period of imprisonment of 156 months or 13 years. Judgment (Doc. No. 79 in No. CR 13-237). The agreed upon sentence of 13 years resulted in a much lower sentence than a guideline sentence.

Petitioner entered his plea of guilty under a written Plea Agreement that contained this waiver of collateral attack provision:

> The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement. In addition, the Defendant agrees to waive any collateral attack to the Defendant's convictions and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

*Id.* ¶ 19.

Rather than addressing the merits of Petitioner's argument that some of his convictions should not have been characterized as crimes of violence for purposes of enhancing his sentence, the Court considers whether Petitioner's waiver of a collateral attack of his sentence forecloses his § 2255 Motion.

**Analysis**

"A waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). An exception is made if enforcement of the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). But a miscarriage of justice occurs only "[1] where the district court relied on an

3

impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327. "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (internal quotation marks omitted). Additionally, error does not make a waiver "otherwise unlawful" unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (brackets and internal quotation marks omitted).

Petitioner does not dispute that his written Plea Agreement contained an explicit waiver of his right to bring a collateral challenge under § 2255 on any issue other than ineffective assistance of counsel in negotiating or entering the plea or the waiver. *See* Plea Agreement ¶ 19. It is undisputed that the Plea Agreement reflects that Petitioner acknowledged his appellate and collateral attack rights and knowingly waived them, and that his plea was voluntarily made. *See id.*

Petitioner's opposition to the waiver argument rests on his assertion that the "enforcement of the appellate waivers in these types of cases would result in a miscarriage of justice because it would require defendants who accepted responsibility for their actions to serve unconstitutional sentences." Reply at 1–2. Petitioner contends that he "had no way of knowing that his sentence was unconstitutional …." *Id.* at 2.

In addition, Petitioner asserts that his waiver was not so broad as to include changes in the law that would later qualify him for relief. *Id.* at 3. Stated slightly differently, Petitioner believes he could not have exercised a knowing and voluntary waiver of his rights to bring

collateral attacks of future changes to the law that would benefit him. Petitioner represents that a miscarriage of justice would occur where enforcement of the waiver would result in a sentence that far exceeded his revised guideline range. *Id.* at 3.

In *United States v. Frazier-LeFear*, ___ F. App'x ___, 2016 WL 7240134 (10th Cir. Dec. 15, 2016), the Tenth Circuit Court of Appeals affirmed the district court's dismissal of the defendant's § 2255 motion based on a waiver provision in the plea agreement. The Tenth Circuit examined the question of whether the district court had erred in concluding that the § 2255 motion did not fall within the miscarriage of justice exception to a collateral rights waiver. *Id.* at *1.

In *Frazier-LeFear*, the defendant argued that her sentence was subject to constitutional challenge "on the grounds later recognized in *Johnson* and that her counsel's failure to anticipate *Johnson* and raise such a challenge reflected ineffective assistance." *Id.* The Tenth Circuit Court rejected the defendant's argument finding that her challenge was not to the "waiver itself" but was, instead, a challenge to the lawfulness of the sentence. *Id.* at 2. "[T]o allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." *Id.* (citation omitted).

The fact that the defendant's alleged sentencing error arose out of a subsequent change in the law did not alter the Court's analysis in *Frazier-LeFear*. *Id.* at 3. The Tenth Circuit Court reasoned:

> The essence of plea agreements … is that they represent a bargained-for understanding … in which each side foregoes [sic] certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters. *One such risk is a favorable change in the law. To allow defendants or the government to routinely invalidate plea agreements based on subsequent changes in the law would decrease the prospects of reaching an agreement in the first place.*

*Id.* (citation omitted) (emphasis added). Nor was the Tenth Circuit Court persuaded by the defendant's argument that she did not agree to be sentenced unconstitutionally. *Id.* at 4. "This argument involves the 'logical failing [] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid].'" *Id.* (citation omitted). Moreover, "[t]he fact that [the defendant's] relinquishment of this right results in the lost opportunity to raise a constitutional challenge under *Johnson* reflects the natural operation, not the invalidity, of the waiver." *Id.*

      The Court finds Petitioner's miscarriage of justice argument to be the same as that advanced and rejected in *Frazier-LeFear*. Like *Frazier-LeFear,* Petitioner claims he could not have known the law would later change and that he subsequently might be entitled to a sentence or guideline range that was not available when he entered into his plea agreement. That argument is unavailing. Petitioner has not alleged any error that relates to the waiver itself. The same is true regarding Petitioner's position that he could not have knowingly and voluntarily waived his right to bring a *Johnson* claim. A *Johnson* claim did not exist at the time Petitioner entered into his plea agreement. To allow that argument to succeed would nullify plea agreements any time there was a subsequent change of law that applied retroactively. The risk that a favorable change in the law may occur is simply a part of the plea negotiation process that both parties accept.

      The Court does not find, under the circumstances, that the enforcement of the collateral-challenge waiver in Petitioner's Plea Agreement would entail a miscarriage of justice. Therefore, the Court concludes that the waiver is enforceable and that Petitioner's claim under § 2255 is barred. Based on this ruling, the Court does not reach the parties' other positions.

      The Court further determines, under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Petitioner has failed to make a substantial

showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Respondent UNITED STATES' MOTION TO ENFORCE APPELLATE WAIVER IN THE PLEA AGREEMENT AND RESPONSE TO DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 8) will be granted, Petitioner Gilbert Gonzales's MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (Doc. No. 1) will be DISMISSED with prejudice; a certificate of appealability will be DENIED; and Final Judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE